[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband began this suit claiming a dissolution CT Page 2192 of the marriage to the defendant that took place on September 25, 1981 at Waterbury, Connecticut. The defendant has filed a cross complaint seeking similar relief. Two children have been born to the parties since their marriage:
Ryan C. born February 9, 1984 and Robert J., born December 8, 1986.
The plaintiff is presently a field sales representative for Anthem Electronics, receiving $1,000 monthly draw and commissions based on gross profit of his sales. His financial affidavit lists gross weekly income of $1,511 and net disposable weekly income of $930 after deducting taxes, insurance, a car phone expense of $43.50 and $30 unreimbursed business expense. He has had several sales positions throughout the marriage, with his current employment generating over $90,000 gross earnings for 1991 (Defendant's Exhibit #1). The plaintiff also generated $6,000 additional income in 1990 by selling stock options which he applied to bills and a car loan. The plaintiff is presently holding options not yet exercisable on 200 shares of Anthem at $7.13, 200 shares at $9.37 and 200 shares at $14.375. The market price for the stock as of the date of trial was $39.625 per share. He is a college graduate, 35 years old and in good health.
The defendant is a college graduate, 36 years old, in good health, and expects to obtain a master's degree in education in the near future. Her earlier employment was in retailing, telemarketing and as a cable t.v. dispatcher. Only recently did defendant discover the plaintiff's actual income, which proved to be much higher than she thought. Her recent income has been minimal.
In 1983, with the help of $3,000 received from the plaintiff's father, the parties were able to purchase their present house for $58,000. In 1986 or 1987, a $22,000 home equity loan second mortgage was put on the home, and 70% of the proceeds were used to pay down credit card balances, much of which were incurred by the plaintiff. On or about October 10, 1989, the parties refinanced both mortgages with a new $90,000 mortgage due in 15 years. CT Page 2193
The parties first separated from July, 1988 to February, 1989 and their second, final separation occurred in September, 1990. The marriage strains began with plaintiff's many business and personal recreational activities away from the home, both during the week and on weekends. These activities, coupled with plaintiff's spending habits that were undisciplined and apparently beyond his income at times, led to the marriage breakdown. The plaintiff testified that the defendant often complained, but the evidence satisfies the court that she often had good cause to do so.
Having reviewed the evidence in light of the statutory criteria, the court enters the following judgment, the allegations of the cross-complaint found proven.
1. A decree is entered on the cross-complaint dissolving the marriage on the ground of irretrievable breakdown. The complaint is dismissed as moot.
2. The court awards joint legal custody with primary physical residence with the defendant. The plaintiff is awarded reasonable visitation rights, the schedule of same having been agreed upon by the parties and read into the record.
3. The plaintiff shall pay to the defendant the sum of $375 weekly as child support for the minor children.
4. The plaintiff shall provide medical insurance for the minor children as the same is made available through his employment and he shall pay the expense for such coverage. This provision is subject to the provisions of Section 46b-84(c) Connecticut General Statutes. The parties shall divide equally any uninsured bill balances incurred for the care of either child.
5. The defendant shall be entitled to such rights as COBRA provides a spouse, but at her expense.
6. The plaintiff shall be entitled to claim both children as dependents on his income tax returns and the defendant shall execute such forms necessary to permit him to do so. In any reconsideration of the child support order, this order may also be reviewed.
7. The plaintiff presently has a life insurance policy with CNA insuring his life for $100,000 which he shall maintain for the children as beneficiaries until both attain majority.
8. The plaintiff's interest in the real estate known as 137 Westwood Avenue, Waterbury, Connecticut is awarded to the defendant who need not assume the plaintiff's obligation on the CT Page 2194 mortgage note and deed. The contents of the home are awarded to the defendant.
9. The plaintiff is ordered to assign his 401K Plan account to the defendant.[1]
10. The plaintiff shall retain his stock options as his sole property.
11. The plaintiff shall retain the 1988 Mercour and the defendant shall retain the 1988 Chevy and each shall be solely responsible for any car loan thereon.
12. The plaintiff is ordered to pay to the defendant the sum of $300 weekly as periodic alimony until the remarriage of the defendant, the death of either party or December 31, 1999 which term limitation shall be non-modifiable.
13. The plaintiff shall pay to the defendant the sum of $5,000 as an allowance to defend the complaint and to prosecute the counterclaim. The payment shall be due on April 10, 1992.
14. Each party shall pay the liabilities as listed on the respective financial affidavits.
15. A wage withholding is ordered pursuant to Section 52-362
Connecticut General Statutes to secure the child support and alimony orders.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, JUDGE